IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROLMAN BALCARCEL-BAVAGAS,<br><br>*Defendant.* | Case No. 3:22-cr-115 |

## STATEMENT OF FACTS

The United States and the defendant, ROLMAN BALCARCEL-BAVAGAS (hereinafter, "the defendant"), agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. On or about July 1, 2022, in the Eastern District of Virginia and within the jurisdiction of this Court, the defendant, an alien who had previously been removed from the United States on or about October 22, 2013, and again on or about August 8, 2014, was found in the United States without having obtained the express consent of the Attorney General or his successor, the Secretary of Homeland Security, for re-application for admission into the United States.

2. A review of Immigration and Custom Enforcement's (ICE) files and computer records revealed that the defendant was born in Guatemala on or about xx/xx/1984, and at all times relevant and material to the Indictment, the defendant is a citizen of Guatemala.

### Initial Illegal Entry into the United States

3. The defendant initially entered the United States at an unknown location and unknown time, without admission, inspection, or parole. The defendant was not granted

1

permission to enter the United States by the Secretary of Homeland Security or the United States Attorney General.

4. On or about September 13, 2007, the defendant was encountered by ICE Enforcement and Removal Operations officers at the Carbon County Jail in Carbon County, Wyoming. At the time, the defendant was being held on state charges. The defendant was issued a Notice to Appear in Immigration Court and was transported to ICE's facilities in Denver, Colorado.

## First Removal to Guatemala

5. Sometime after September 13, 2007, the defendant appeared before an Immigration Court in Denver, Colorado and was released on bond. Thereafter, on or about August 25, 2011, the defendant was ordered removed to Guatemala by an Immigration Judge in Denver, Colorado.

6. On or about September 16, 2011, the defendant filed an appeal through his immigration attorney. On or about February 4, 2013, the Board of Immigration Appeals dismissed the defendant's appeal. Consequently, the defendant was issued a final order of removal.

7. On or about August 23, 2013, the defendant was given permission to depart the United States voluntarily on or before October 23, 2013.

8. On October 30, 2013, the Immigration Court in Denver, Colorado received an executed I-392 form indicating that the defendant had departed the United States on October 22, 2013.

### Second Illegal Entry into the United States

9. On or about July 31, 2014, the defendant was encountered by the United States Border Patrol in the Rio Grande Valley in Texas. A Border Patrol Agent determined that the defendant had unlawfully entered the United States from Mexico. The defendant was transported to the Weslaco Border Patrol Station to be fingerprinted and processed.

### Second Removal to Guatemala

10. After the defendant's transport to the Weslaco Border Patrol Station, Border Patrol agents discovered that the defendant had previously been deported from the United States. The defendant was processed for a Reinstatement of Prior Order of Removal pursuant to Section 241(a)(5) of the Immigration and Nationality Act.

11. On or about August 8, 2014, the defendant was removed from the United States to Guatemala.

### Defendant Found in the United States on July 1, 2022

12. On July 1, 2022, while investigating a tip line report, officers from the Richmond Police Department (RPD) encountered the defendant at a residence located at xxxx Columbia Street, Richmond, Virginia, which is within the Eastern District of Virginia.

13. During the encounter with the defendant on July 1, 2022, RPD officers contacted ICE-Homeland Security Investigation (HSI) agents to determine the legal status of the defendant and another individual present at the residence. That same day, while the RPD officers were still at the residence on Columbia Street, HSI Special Agents conducted records and indices checks on the defendant and determined that he had previously been removed from the United States on two separate occasions, and that at no time had the defendant obtained the express consent from the Secretary of Homeland Security or the Attorney General to reapply for admission into the United

States. HSI Special Agents correspondingly informed the RPD officers of the fact of the defendant's unlawful presence in the United States.

14. This statement of facts includes those facts necessary to support the defendant's plea of guilty to the offense charged in the Indictment. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

15. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Jessica D. Aber
United States Attorney

Date: August 25, 2022     By: _____
Kashan K. Pathan
Assistant United States Attorney

4

After consulting with my attorney, I, ROLMAN BALCARCEL-BAVAGAS, hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
ROLMAN BALCARCEL-BAVAGAS

I am John Samuel Martin, defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
John Samuel Martin, Esq.
Attorney for ROLMAN BALCARCEL-BAVAGAS