IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:22-cr-115 |
| ) | |
| ROLMAN BALCARCEL-BAVAGAS, ) | |
| ) | |
| *Defendant*. ) | |

## POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING

The United States of America, through its attorneys, Jessica D. Aber, United States Attorney, and Kashan K. Pathan and Stephen E. Anthony, Assistant United States Attorneys, hereby submits its position with respect to sentencing for defendant Rolman Balcarcel-Bavagas. The United States has reviewed the Presentence Investigation Report (PSR), Dkt. No. 24, and does not dispute any of the facts or factors set out therein.

The defendant's applicable Sentencing Guideline range, based on his Total Offense Level of 6 and his Criminal History Category of I, is 0 to 6 months of imprisonment. PSR ¶¶ 74-75. After careful consideration of each of the statutory factors enumerated in 18 U.S.C. § 3553(a), the United States recommends that the Court sentence the defendant to a term of imprisonment of 6 months. Such a sentence would be sufficient, but not greater than necessary, to accomplish the sentencing objectives set forth in 18 U.S.C. § 3553(a).

## BACKGROUND

The defendant – a citizen of Guatemala – comes before this Court for sentencing after illegally entering the United States on three separate occasions. After his latest unlawful entry into the United States, officers from the Richmond Police Department ("RPD"), who were investigating a tip-line report, found the defendant at a residence located in Richmond, Virginia

1

on July 1, 2022. Thereafter, the RPD officers notified special agents with Immigration and Customs Enforcement Homeland Security Investigations ("HSI") of the defendant's physical presence in the United States, and HSI determined that the defendant had, once again, illegally reentered the United States without admission, inspection, or parole and without the express consent of the United States Attorney General or the Secretary of Homeland Security.

For the above-described conduct, on August 2, 2022, the defendant was charged in single-count Indictment returned by a grand jury sitting in the Eastern District of Virginia, Richmond Division, with illegal reentry, in violation of Title 8, United States Code, Section 1326(a). (ECF No. 4). On August 25, 2022, the defendant appeared before this Court and pled guilty to Count One of the Indictment. (ECF No. 20). The Court accepted the defendant's guilty plea and set sentencing in this matter for November 10, 2022. (*Id*.).

## **POSITION ON SENTENCING**

Following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the Sentencing guidelines are "effectively advisory." *Id.* at 245. Nonetheless, the advisory nature of the Guidelines "does not mean that they are irrelevant to the imposition of a sentence." *United States v. Moreland*, 437 F.3d 424, 432 (4th Cir. 2006); *see also United States v. Green*, 436 F.3d 449, 455 (4th Cir. 2006). Indeed, the Guidelines "seek to embody the Section 3553(a) considerations, both in principle and in practice." *Rita v. United States*, 551 U.S. 338, 350 (2007). Thus, a sentencing court "must consult [the] Guidelines and take them into account when sentencing" to "provide certainty and fairness in meeting the purposes of sentencing, [while] avoiding unwarranted sentencing disparities." *Booker*, 543 U.S. at 264 (internal quotation omitted); *United States v. Biheiri*, 356 F. Supp. 2d 589, 593 (E.D. Va. 2005).

A sentencing court should first calculate the range prescribed by the sentencing guidelines

after making the appropriate findings of fact. *See United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). Following that calculation, a sentencing court must then "consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." *Id.*

### A. The Advisory Guidelines Range

As noted above, the United States has no objection or corrections to the PSR. The base offense level for the defendant's offense is a level 8. PSR ¶ 15. The offense level is reduced by 2 levels for acceptance of responsibility. *Id.* ¶ 22. With this reduction, the defendant's Total Offense Level is a 6 and his Criminal History Category is a I. This yields a Guidelines range of 0 to 6 months of imprisonment. *Id.* ¶¶ 74-75.

### B. 18 U.S.C. § 3553(a) Factors

After the Court has properly calculated the Guidelines range and ruled upon all departure motions,[1] the Court must then consider the factors identified in 18 U.S.C. § 3553(a) to fashion a reasonable sentence. *Gall v. United States*, 552 U.S. 38 (2007). Given the usual deportation consequences that follow from an illegal reentry conviction, defendants in this District frequently receive sentences equivalent to the length of time served by the time of sentencing, allowing those defendants to more quickly be deported to their home countries. But in certain cases, a defendant is given a sentence exceeding the amount of time served due to the presence of one or more aggravating factor, such as repeated reentries into the United States or a defendant's extensive criminal history.

In this case, the defendant's repeated unlawful entries into the United States illustrates the defendant's determination and persistence in disregarding and circumventing immigration laws.

---

[1] There are no departure motions currently before the Court.

Given this recidivist conduct, the defendant needs to be specifically deterred from reentering the United States a fourth time.  Moreover, the sentence imposed should promote respect for the law and impress upon the defendant that he cannot continue to flout immigration laws. The United States submits that a sentence of imprisonment of 6 months would specifically deter this defendant, promote respect for the law, and satisfy the other statutory sentencing factors the Court must consider when crafting and imposing a sentence.

1.  **Nature and Circumstances of the Offense**

As set forth in the uncontroverted PSR, the defendant is a citizen of Guatemala who has unlawfully entered the United States on three occasions.  According to the defendant, he first entered the United States in 2007.  PSR ¶ 44.  On September 13, 2007, Immigration and Customs Enforcement (ICE) officers encountered the defendant at the Carbon County Jail in Carbon County, Wyoming, where the defendant was being held on state charges.  *Id*. ¶ 7.  The defendant was issued a Notice to Appear in Immigration Court by ICE and was transported to ICE's facilities in Denver, Colorado.  *Id*.

Sometime after September 13, 2007, the defendant appeared in Immigration Court in Denver, Colorado and was released on bond.  *Id*.  On August 25, 2011, however, the defendant was ordered removed to Guatemala by an Immigration Judge.  *Id*.  The defendant appealed the removal order, but the defendant's appeal was denied, and a final order of removal was issued.  *Id*.  Thereafter, the defendant voluntarily departed the United States on October 22, 2013.  *Id*.

Less than a year later, on July 31, 2014, the defendant was caught in the Rio Grande Valley in Texas by United States Border Patrol agents.  *Id*.  The defendant's prior order of removal was reinstated, and on August 8, 2014, the defendant was removed from the United States to Guatemala.  *Id*.

On or before July 1, 2022, an individual contacted Richmond Police to report that an associate had shown him weapons and claimed that he was going to shoot people at a big event on the 4th of July. *Id.* ¶ 8. The tipster advised that the subject who was claiming he was going to shoot people resided at 3XXX Columbia Street, Richmond, Virginia 23234. *Id.* Police responded to the residence to investigate the matter and encountered the defendant, along with another individual in the residence. *Id.* Several firearms were recovered from the rooms of the other occupants of the residence, but no firearms were found in the defendant's room. *Id.* Law enforcement authorities have completed an investigation into the tipster's report of a planned mass shooting. The United States Attorney's Office has reviewed the information gathered during that investigation, and concluded that consideration of the tipster's report as part of the overall assessment of the statutory sentencing factors in this case is not warranted. *Id.* That is, although law enforcement acted lawfully and appropriately when investigating the tip on July 1, the United States lacks evidence now to prove beyond a preponderance of the evidence that the defendant was planning to shoot people at a big event on the 4th of July or commit other acts of violence.

On July 1, 2022, the defendant was once again found in the United States without having obtained the express consent or permission of immigration authorities to enter and reside in the United States. As laid out above, the defendant has persistently attempted to enter and reside in the United States unlawfully, despite two prior removals. Consideration of this factor warrants the imposition of a Guideline sentence of 6 months of imprisonment.

2. **History and Characteristics of the Defendant**

The defendant's history and characteristics also support a sentence of 6 months. In 1984, the defendant was born in Guatemala. PSR ¶ 32. During the preparation of the PSR, the defendant reported being raised in a two-parent household. *Id.* ¶ 40. The defendant further reported being

raised in a middle-income, working-class environment. *Id*. The defendant stated that his family never struggled financially, so his basic needs were always met. *Id*. The defendant reported no abuse or unwarranted discipline during his childhood. *Id*. ¶ 41.

At the age of 17, the defendant moved out of his parents' home after he got married. *Id*. ¶ 43. At the age of 19, the defendant began having problems with local organized crime members in his city, culminating in the defendant being severely beaten for refusing to work for the organization. *Id*. The defendant claims that he decided to enter the United States in 2007 to escape the violence being directed towards him. *Id*. ¶ 44. The defendant stated that, after he was removed to the United States in 2013, he relocated to Mexico, but he began having issues with the gang members in the town he was residing in. *Id*. The defendant said that he was kidnapped for ransom by gang members and was held captive for six months, until he escaped. *Id*. Thereafter, the defendant returned to Guatemala briefly, before reentering the United States in November 2021. *Id*.

The defendant is currently separated from his wife. *Id*. ¶ 47. He is the father of four children with three different women. *Id*.

The defendant's physical health is good. *Id*. ¶ 55. Other than back pain, the defendant has no history of any serious or chronic medical conditions or illnesses. *Id*. He has no history of psychological or psychiatric treatment or illness. *Id*. ¶ 57. The defendant first began consuming alcohol at the age of 20 and progressed to consuming eight or nine beers once every two or three months. *Id*. ¶ 59. Other than alcohol, the defendant admitted to using marijuana, powder cocaine, and crystal methamphetamine in the past. *Id*. ¶ 60.

The defendant completed four years of school while residing in Guatemala. *Id*. ¶ 63. The defendant advised that he stopped attending school because he did not enjoy studying and wanted

6

to work. *Id*. The defendant stated that he has specialized training and skills in welding, electrical work, and self-defense, but he holds no professional licenses. *Id*. ¶ 64. During his time in the United States, the defendant reported working for various companies as an electrician. *Id*. ¶ 67. From April 2022 until July 5, 2022, the defendant worked as an electrician for a company located in Charlottesville, Virginia. *Id*. ¶ 65.

A sentence of 6 months appropriately reflects the history and characteristics of the defendant and the other statutory sentencing factors.

### 3. Adequate Deterrence to Criminal Conduct

The Court must also weigh the need for the sentence imposed to afford adequate specific and general deterrence. 18 U.S.C. § 3553(a)(2). In this respect, the Government submits that a sentence of 6 months is also justified. A sentence of time served would insufficiently deter the defendant from reentering the United States. A sentence of 6 months – the top-end of the advisory Guidelines range – is necessary to deter the defendant from unlawfully entering the United States for a fourth time. Moreover, the imposition of a sentence of 6 months will send a message to the defendant that illegally reentering the United States is a serious crime with a correspondingly serious penalty.

### 4. The Need To Protect The Public

When fashioning an appropriate sentence, the Court must also consider protecting the public from further crimes committed by the defendant. 18 U.S.C. § 3553(a)(2). A sentence of 6 months – along with the defendant's likely removal from the United States once he has served his sentence – will protect the public from future crimes of the defendant.

### 5. The Seriousness of the Offense Conduct, the Need to Provide Just Punishment, and Promote Respect for the Law

A sentence of 6 months would also appropriately reflect the seriousness of the

defendant's offense conduct, would provide just punishment, and would promote respect for the law. The defendant has circumvented immigration laws multiple times, and before the instant matter, avoided criminal prosecution for his immigration violations. A term of imprisonment of 6 months is warranted to reflect the seriousness of the offense conduct, the need to provide just punishment, and to promote respect for the law.

6. **The Need to Avoid Unwarranted Sentencing Disparities**

A Guideline sentence of 6 months would not result in an unwarranted sentencing disparity.

## CONCLUSION

For the reasons discussed above, the United States respectfully requests that the Court sentence the defendant to a term of imprisonment of 6 months.

Respectfully submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY

By: _____/s/_____
Kashan K. Pathan
IL Bar No. 6327422
Stephen E. Anthony
Virginia Bar No. 78246
Assistant United States Attorneys
United States Attorney's Office
919 East Main Street, Suite 1900
Richmond, Virginia 23219
Phone: (804) 819-5400
Fax: (804) 771-2316
Email: kashan.pathan@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2022, I electronically filed the foregoing position with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

I also hereby certify that on October 27, 2022, I emailed a true and accurate copy of this Position on Sentencing to the following:

Timothy Foote
United States Probation Officer
Suite 1150
701 East Broad Street
Richmond, Virginia 23219

                                                    /s/
Kashan K. Pathan
IL Bar No. 6327422
Assistant United States Attorney
United States Attorney's Office
919 East Main Street, Suite 1900
Richmond, Virginia 23219